[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 257.]

BERTHELOT, APPELLANT, *v.* DEZSO, JUDGE, ET AL., APPELLEES.

[Cite as *Berthelot v. Dezso*, 1999-Ohio-100.]

*Writs of mandamus and prohibition are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court— Court of appeals does not err in dismissing relator's claims for extraordinary relief in mandamus and prohibition when there is no evidence that domestic relations judge has proceeded contrary to the mandate of the court of appeals involving spousal support in a divorce action.*

(No. 99-359—Submitted July 28, 1999—Decided September 1, 1999.)

APPEAL from the Court of Appeals for Summit County, No. 19349.

————————————

{¶ 1} In October 1996, appellee Summit County Court of Common Pleas, Domestic Relations Division Judge Carol J. Dezso, granted a divorce to appellant, Maureen A. Berthelot, and her husband, appellee Michael J. Berthelot. Judge Dezso awarded Maureen spousal support of $6,000 per month for a period of forty-seven months. In April 1998, the Court of Appeals for Summit County reversed the spousal support award by holding:

"This case involves a marriage of long duration. The court found Michael to be highly educated and earning an annual income in excess of one-half million dollars. The court found the family had experienced 'the highest quality standard of living' during the marriage. Despite these facts and despite Maureen's complete lack of income and slight earning potential, largely if not entirely due to her marital responsibilities, the court awarded her spousal support in an amount equivalent of $72,000 per year for a duration of less than four years. *We cannot determine from the lower court's findings that it properly considered R.C. 3105.18 or Kunkle [v. Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83] in fashioning this award. For*

*this reason, we find the award constitutes an abuse of discretion and we reverse and remand the issue for further consideration.*" *Berthelot v. Berthelot* (Apr. 15, 1998), Summit App. No. 18331, unreported, 1998 WL 178561.

{¶ 2} In May 1998, Maureen served Michael with requests for discovery. In June 1998, Maureen filed several motions in the common pleas court, including a motion to modify child support and temporary spousal support. Maureen contended that the court of appeals' judgment voided Judge Dezso's spousal support order. Michael filed a motion to dismiss Maureen's motions and a motion to quash her discovery requests. Michael claimed that in order to comply with the court of appeals' mandate, Judge Dezso needed only to make additional findings supporting her original spousal support award.

{¶ 3} In August 1998, Maureen's counsel advised Judge Dezso of the dispute between the parties about the court of appeals' remand and requested that Judge Dezso provide "guidance as to whether [she] intend[ed] to have a new hearing regarding the issues of spousal support or whether [she] merely plan[ned] to issue additional findings of fact in support of [her] prior order * * *." Judge Dezso promptly advised Maureen's counsel that she would like to stay the proceedings until the parties indicated whether they would be willing to engage in settlement negotiations. The parties agreed to attempt to settle the case, and a settlement conference took place on October 6, 1998. The parties later advised Judge Dezso that they had reached an impasse in their attempt to settle the case. By letters dated October 14 and 20, 1998, Maureen's counsel requested that Judge Dezso provide immediate guidance on the remand procedures and an immediate hearing on Maureen's motion to compel discovery and for sanctions.

{¶ 4} On October 30, 1998, Maureen filed a complaint in the court of appeals for a writ of mandamus to compel Judge Dezso "to follow the remand of [the] court [of appeals] in its Journal Entry and Opinion of April 15, 1998, by scheduling an evidentiary hearing regarding the issue of spousal support and

appellate attorney's fees and ordering that the Respondent permit the Relator to conduct sufficient pretrial discovery regarding her former husband's income and assets," and a writ of prohibition to prevent Judge Dezso "from proceeding in the Relator's case in derogation of [the court of appeals'] April 15, 1998 order of remand, such as merely attempting to provide additional facts in support of her prior spousal support award and not permitting the Relator to conduct sufficient pretrial discovery." Judge Dezso and Michael, who was permitted to intervene as a respondent, filed Civ.R. 12(B)(6) motions to dismiss for failure to state a claim for relief upon which relief can be granted. The court of appeals granted appellees' motions and dismissed Maureen's complaint.

{¶ 5} This cause is now before the court upon an appeal as of right.[1]

───────────────

*Zashin & Rich Co., L.P.A.*, and *Robert I. Zashin*, for appellant.

*Michael T. Callahan*, Summit County Prosecuting Attorney, and *Barbara Crouse Babbit*, Assistant Prosecuting Attorney, for appellee Judge Carol J. Dezso.

*Lieberth & Anderson, L.P.A.*, and *Dreama Anderson*; *Maistros & Loepp, Ltd.*, and *Thomas C. Loepp*, for appellee Michael J. Berthelot.

───────────────

***Per Curiam.***

{¶ 6} Maureen asserts that the court of appeals erred in dismissing her claims for extraordinary relief in mandamus and prohibition. She claims that Judge Dezso has no discretion to deny her discovery and an evidentiary hearing to redetermine spousal support following the court of appeals' reversal and remand of the original spousal support award. For the following reasons, Maureen's assertions lack merit.

───────────────

1. We deny appellant's request for oral argument. She has established none of the factors that warrant oral argument. None of the issues raised is so complex that oral argument would be beneficial. *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 205, 699 N.E.2d 83, 84.

**{¶ 7}** Writs of mandamus and prohibition are appropriate to require lower courts to comply with and not proceed contrary to the mandate of a superior court. *State ex rel. Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, 553. Here, however, there is no evidence that Judge Dezso has proceeded contrary to the mandate of the court of appeals. As the court of appeals concluded, it "did not give specific instructions concerning additional discovery, evidence, or proper procedure" in its prior mandate, so Judge Dezso possesses discretion to "choose the appropriate procedure and decide, guided by [the court of appeals'] opinion, the appropriate spousal support award." Certainly, the court of appeals was in the best position to determine if Judge Dezso had violated its remand order. See, *e.g., State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 252, 648 N.E.2d 1355, 1357. It did not so find.

**{¶ 8}** Moreover, given the discretionary authority vested in Judge Dezso in discovery matters and in determining the appropriate spousal support award, see *State ex rel. The V Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 469, 692 N.E.2d 198, 201 (discovery), and *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030 (domestic relations orders), an extraordinary writ will not issue to control her judicial discretion, even if that discretion is abused. See *State ex rel. Thomson v. Court of Claims* (1997), 80 Ohio St.3d 495, 497, 687 N.E.2d 456, 458.

**{¶ 9}** Further, any errors committed by Judge Dezso will be remediable on appeal. Neither prohibition nor mandamus will issue as a substitute to review mere errors in judgment. See *State ex rel. Levin v. Sheffield Lake* (1994), 70 Ohio St.3d 104, 109, 637 N.E.2d 319, 324.

**{¶ 10}** Finally, to the extent that Maureen's mandamus claim could be construed as a challenge to Judge Dezso's alleged failure to promptly rule on her pending motions, Judge Dezso did not unnecessarily delay in ruling on the motions. Maureen agreed to the judge's suggestions that the motions be held in abeyance while the parties attempted to settle the case. When the parties reached an impasse,

only two to three weeks had elapsed from the time Maureen requested that Judge Dezso act immediately on her pending motions until Maureen filed her complaint for writs of mandamus and prohibition. See *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas* (1995), 72 Ohio St.3d 461, 462, 650 N.E.2d 899, 900 (procedendo action to compel judge to rule on postconviction relief petition and motions was properly dismissed because petition and motions had been pending for only two to three weeks when complaint for writ of procedendo was filed); *State ex rel. Dehler v. Sutula* (1995), 74 Ohio St.3d 33, 35-36, 656 N.E.2d 332, 333-334 (mandamus will not lie to compel court to rule on postconviction relief petition, which had been pending for ten months, where relator had filed other related requests on and after date he filed petition). And significantly, Maureen asserts in her reply brief that she is *not* requesting the same relief in this case as she did in a procedendo action to compel Judge Dezso to promptly rule on her pending motions; instead, she claims that she merely wants the judge to comply with the court of appeals' mandate. *Berthelot v. Dezso* (1999), 85 Ohio St.3d 1426, 707 N.E.2d 516. We do note, however, that Judge Dezso *should* now proceed to promptly rule on the pending motions.

**{¶ 11}** Based on the foregoing, the court of appeals properly dismissed the complaint for extraordinary relief in mandamus and prohibition. Accordingly, we affirm the judgment of the court of appeals.[2]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

--------------------

2. In view of this holding, appellant's motion to remand the cause to the court of appeals, in order that it can consider a Civ.R. 60(B) motion for relief from judgment, as well as Judge Dezso's motion to strike appellant's reply brief, is rendered moot.