[Cite as *TCS, Inc. v. Bogner Constr.*, 2014-Ohio-1982.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| TCS, INC., DBA MASTERFLOORS, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| BOGNER CONSTRUCTION | : | Case No. 13CA96 |
| COMPANY, et al. | : | 13CA101 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Richland County
Court of Common Pleas, Case No.
2008-CV-2131H


JUDGMENT:                     Dismissed


DATE OF JUDGMENT:             May 6, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant, Bogner
Construction Company

DANIEL M. WALPOLE
Walpole & Associates                      JOHN H. SCHAEFFER
411 Quaker Square                         PATRICK E. NOSER
120 E. Mill Street                        Critchfield, Critchfield & Johnson, Ltd.
Akron, OH 44308                           225 North Market Street/P.O. Box 599
Wooster, OH 44691

For Defendant-Appellant, Richland
County Board of Commissioners

JAMES J. MAYER, JR.
Prosecuting Attorney
By: STEPHEN M. WILDERMUTH
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, OH 44902

*Baldwin, J.*

{¶1}    Defendant-appellant Richland County Board of Commissioners appeals from the  November 29, 2011, January 15, 2013 and October 9, 2013 Orders of the Richland County Court of Common Pleas. Defendant-appellant Bogner Construction Company appeal from such Orders and from the November 4, 2013 Order.

STATEMENT OF THE FACTS AND CASE

{¶2}    On November 21, 2008, appellee Technical Construction Specialties Inc. dba Masterfloors (hereinafter "appellee") filed a complaint for breach of contract, unjust enrichment, foreclosure on lien on public funds, breach of warranty and a bond claim against appellant Bogner Construction Company, appellant Richland County Board of Commissioners, Sauereisen, Inc. and Ohio Farmers Insurance Company.  The claims all related to work that appellee had performed on renovations to the Richland County Jail.

{¶3}    On December 22, 2008, Sauereisen, Inc. filed an answer and a counterclaim against appellee for breach of contract.  Appellee filed an answer to the counterclaim on January 8, 2009.

{¶4}    Appellant Bogner Construction Company, on January 20, 2009, filed an answer and a counterclaim against appellee and appellee's General Manager, Jeffrey W. Evans. The counterclaim set forth claims against appellee and Evans for intentional/negligent misrepresentation and fraud/rescission and against appellee only for breach of contract, unjust enrichment, breach of implied warranty, negligent manufacture and indemnification.  Ohio Farmers Insurance Company filed an answer on January 20, 2009 and, on the same date, appellant Richland County Board of Commissioners filed an answer to the complaint and a cross-claim against appellant Bogner Construction Company and Ohio Farmers Insurance Company. On February 17, both appellant Bogner

Construction Company and Ohio Farmers Insurance Company filed answers to the cross-claim filed by appellant Richland County Board of Commissioners .

{¶5} Thereafter, on February 23, 2009, appellee filed an answer to the counterclaim filed by appellant Bogner Construction Company. Third-Party Defendant Jeffrey Evans, on February 23, 2009, filed an answer to the Third-party complaint filed by appellant Bogner Construction Company.

{¶6} Subsequently, on September 3, 2010, appellee filed a Motion for Summary Judgment against appellants Bogner Construction Company and Richland County Board of Commissioners. Appellant Richland County, on October 1, 2010, filed a response and a request that summary judgment be entered in its favor. Appellant Bogner Construction Company and Ohio Farmers Insurance Company, on October 4, 2010, filed a memorandum in opposition to appellee's Motion for Summary Judgment. Appellee filed a memorandum in opposition to the Motion for Summary Judgment filed by appellant Richland County Board of Commissioners on November 9, 2010. The motion was later denied.

{¶7} Appellee, on January 12, 2011, filed a Motion for Leave to File Motion for Summary Judgment, arguing that it had had difficulty obtaining discovery from appellants and Sauereisen. The trial court, pursuant to a Judgment Entry filed on January 12, 2011, granted such motion. In response, appellant Richland County Board of Commissioners, on March 11, 2011, filed a response to such motion and a renewal of the request that summary judgment be entered in its favor. Three days later, appellant Bogner Construction Company filed a memorandum in opposition to appellee's Motion for Summary Judgment as well as a Motion to Strike the same.

{¶8} Pursuant to an Order filed on November 29, 2011, the trial court granted appellee's January 12, 2011 Motion for Summary Judgment against appellants. The trial

court, in its Order, found, in part, that appellee was entitled to recover reasonable attorney fees and court costs from appellant Bogner Construction Company. The trial court instructed appellee to prepare a statement of reasonable attorney fees and costs and indicated that if appellant Bogner objected to the same, it would set the matter for a hearing.

{¶9} Appellant Richland County Board of Commissioners, on December 28, 2011, filed a Notice of Appeal from the trial court's November 29, 2011 Order. Such appeal was assigned Case No.11CA126.

{¶10} On January 3, 2012, appellant Bogner Construction Company and Ohio Farmers Insurance Company filed a pre-trial memorandum in the trial court, indicating that a number of claims and motions remained pending.

{¶11} Via a Judgment Entry filed in Case No. 11CA126 on April 13, 2012, this Court granted appellee's Motion to dismiss the appeal filed by appellant Richland County Board of Commissioners for lack of a final, appealable order.

{¶12} Thereafter, the trial court, on January 15, 2013, filed an "Order Resolving All Pending Motions and Amending the November 29, 2011 Order of the Court." The trial court, in such order, set an oral hearing on the issue of attorney's fees for February 6, 2013. The trial court, in its Order, stated, in relevant part, as follows:

{¶13} "Plaintiff's claims against Defendants Sauereisen for breach of warranty and against Ohio Farmer's Insurance regarding the bond remain pending, as no motion to resolve those claims has ever been filed with the court. Defendant Sauereisen's counter claim against Plaintiff remains pending as no motion to resolve that claim has ever been filed with the court. Defendant Richland County's cross claims against Defendants Bogner Construction and Ohio Farmer's Insurance remain pending as no motion to resolve those claims has ever been filed with the court."

{¶14}   Appellee, on January 25, 2013, filed a Statement of Reasonable Attorney Fees and appellants, on February 1, 2013, filed a joint memorandum in opposition to the same.

{¶15}   Appellant Bogner Construction Company, on February 14, 2013, filed a Notice of Appeal from the trial court's November 29, 2011 and January 15, 2013 Orders. Such appeal was assigned Case No. 13CA14. On the same day, appellant Richland County Board of Commissioners filed a Notice of Appeal from the same Orders. That appeal was assigned Case No.13CA23.  Pursuant to a Judgment Entry filed in both cases on July 18, 2013, this Court dismissed the appeal for lack of a final, appealable order.

{¶16}   On July 25, 2013, appellee filed a Motion to Supplement its request for attorney fees, seeking fees incurred during the appeals process.  Appellee filed a Statement of Supplemental Attorney Fees and Costs on October 9, 2013.

{¶17}   The trial court, as memorialized in an Order filed on October 9, 2013, awarded appellee $66,763.87 as and for attorney fees along with interest.

{¶18}   On October 15, 2013, appellant Richland County Board of Commissioners filed a Notice of Appeal from the trial court's November 29, 2011, January 15, 2013 and October 9, 2013 Orders. Such appeal was assigned Case No. 13CA0096.  Appellant Richland County Board of Commissioners raised the following assignments of error on appeal:

{¶19}  1.     TRIAL COURT ERRED IN FINDING THE RICHLAND COUNTY BOARD OF COUNTY COMMISSIONERS JOINTLY AND SEVERALLY LIABLE BASED ON THE THEORY OF UNJUST ENRICHMENT.

{¶20}  2.     THE TRIAL COURT, WHEN CONSIDERING THE SUMMARY MOTION OF THE PLAINTIFF, MASTERFLOORS, ERRED IN FAILING TO CONSIDER THE

EVIDENCE MOST STRONGLY IN THE FAVOR OF THE RICHLAND COUNTY BOARD OF COUNTY COMMISSIONERS, THE NON-MOVING PARTY.

{¶21} On November 4, 2013, the trial court issued an Order granting appellee's request for supplemental attorney fees.

{¶22} Appellant Bogner Construction Company, on November 6, 2013, filed a Notice of Appeal from the same Orders. Such appellant filed an Amended Notice of Appeal to include the trial court's November 4, 2013 Order. The appeal has been assigned Case No. 13CA0101. Appellant Bogner Construction Company raises the following assignments of error on appeal:

{¶23} 1. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT AS THE TRIAL COURT IMPROPERLY WEIGHED THE CREDIBILITY OF WITNESSES, CONSIDERED EVIDENCE NOT BEFORE THE TRIAL COURT, AND DECIDED GENUINE ISSUES OF MATERIAL FACT IN A LIGHT MOST FAVORABLE TO MASTERFLOORS.

{¶24} 2. THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING ATTORNEYS' FEES AND ALSO SUPPLEMENTAL ATTORNEYS' FEES TO PLAINTIFF-APPELLEE.

{¶25} 3. THE TRIAL COURT ERRED IN GRANTING LEAVE TO PLAINTIFF-APPELLEE TO FILE ITS SECOND MOTION FOR SUMMARY JUDGMENT.

{¶26} 4. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT-APPELLANT'S MOTION TO STRIKE PLAINTIFF-APPELLEE'S JANUARY 12, 2011 MOTION FOR SUMMARY JUDGMENT.

{¶27} 5. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING DEFENDANT-APPELLANT'S COUNTERCLAIM AGAINST MASTERFLOORS AND THIRD-PARTY DEFENDANT JEFF EVANS.

{¶28} However, before we address the merits of either appeal, we must first determine whether this Court has jurisdiction to consider the matter. Although not an issue raised by any party, this Court must address, sua sponte, whether there is a final appealable order ripe for review. *State ex rel. White v. Cuyahoga Metro. Hous. Aut.,* 79 Ohio St.3d 543, 544, 1997–Ohio–366, 684 N.E.2d 72.

{¶29} To be final and appealable, an order must comply with R.C. 2505.02. R.C. 2505.02(B) provides the following in pertinent part:

{¶30} (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶31} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶32} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶33} Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all parties, the order must satisfy Civ.R. 54(B) by including express language that "there is no just reason for delay." *Intl. Bd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C .,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 187, ¶ 7, citing *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101, ¶ 5–7.

{¶34} Civ.R. 54(B) requires a court to make an express determination there is no just reason for delay in order to make appealable an order adjudicating fewer than all the claims or the rights of fewer than all the parties. Civ.R. 54(B) must be followed when a case involves multiple claims or multiple parties. *State ex rel. A & D Ltd. Partnership v. Keefe,* 77 Ohio St.3d 50, 56, 671 N.E.2d 13 (1996).

{¶35} In the case sub judice, there is no final, appealable order. As noted by the parties and the trial court, there are claims that remain pending between various parties. The trial court's October 9, 2013 Order, which resolves the claims between appellants and appellee, does not contain Civ.R. 54(B) language which is required when fewer than all the claims or the rights of fewer than all the parties have been adjudicated. Nor does the trial court's November 4, 2013 Order contain such language. In short, there is no Order which both resolves all of the claims of the parties to these appeals and contains Civ.R. 54(B) language.

{¶36} Accordingly, this Court does not have jurisdiction to entertain appellants' appeals.

{¶37}   The appeals in Case Nos. 13CA96 and 13CA101 are dismissed for lack of jurisdiction.


By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.