[Cite as *Technical Constr. Specialties, Inc. v. DeWeese*, 2018-Ohio-213.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TECHNICAL CONSTRUCTION SPECIALTIES, INC., dba MASTERFLOORS | JUDGES: Hon. W. Scott Gwin, P. J. Hon. John W. Wise, J. Hon. Earle E. Wise, Jr., J. |
| Relator | |
| -vs- | Case No. 17 CA 69 |
| JAMES DEWEESE, JUDGE, RICHLAND COUNTY COMMON PLEAS COURT | |
| Respondent | O P I N I O N |

CHARACTER OF PROCEEDING:     Writ of Prohibition and Mandamus


JUDGMENT:     Denied


DATE OF JUDGMENT ENTRY:     January 19, 2018


APPEARANCES:

For Relator                                          For Respondent

DANIEL M. WALPOLE                        JUDGE JAMES DEWEESE
411 Quaker Square                          RICHLAND COUNTY COURT of
120 East Mill Street                          COMMON PLEAS
Akron, Ohio  44308                          50 Park Avenue East
                                                          Mansfield, Ohio  44902

*Wise, John, J.*

{¶1} Relator, Technical Construction Specialties, Inc. dba Masterfloors, has filed a Complaint for Writ of Prohibition and Mandamus requesting the trial court be prohibited from holding a trial and requiring the trial court to vacate its order denying summary judgment. Respondent has filed a "Response to Complaint" arguing the writs should not issue.

FACTS

{¶2} The question presented in the complaint is whether the trial court lacked jurisdiction to vacate or reconsider an order granting summary judgment and set the underlying case for trial.

{¶3} Summary judgment was granted below in favor of Relator by Judge Henson. Thereafter, the parties appealed the trial court's ruling to this Court. We held the order being appealed was not a final, appealable order. Relator interprets our holding in the appellate case as one which remanded the case the trial court for the sole purpose of having the trial court resolve the issue of attorney fees.

{¶4} In our opinion we held, "In the case sub judice, there is no final, appealable order. As noted by the parties and the trial court, there are claims that remain pending between various parties. The trial court's October 9, 2013 Order, which resolves the claims between appellants and appellee, does not contain Civ.R. 54(B) language which is required when fewer than all the claims or the rights of fewer than all the parties have been adjudicated. Nor does the trial court's November 4, 2013 Order contain such language. In short, there is no Order which both resolves all of the claims of the parties

to these appeals and contains Civ.R. 54(B) language." *TCS, Inc. v. Bogner Constr.*, 5th Dist. Richland No. 13CA101, 2014-Ohio-1982, ¶ 35.

**{¶5}** At some point, Judge Henson, the judge who granted summary judgment in favor of Relator, retired. Approximately two years after our opinion finding there was no final, appealable order, Respondent, the judge now assigned to the case, set the matter for a pretrial. Eventually Judge DeWeese reconsidered and vacated Judge Henson's order granting summary judgment in favor of Relator and set the case for trial. Relator in turn filed the instant complaint.

## PROHIBITION AND MANDAMUS

**{¶6}** "To be entitled to a writ of prohibition, [a relator or petitioner] must establish that (1) the respondent is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer,* 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18. The last two elements can be met by a showing that the trial court "patently and unambiguously" lacked jurisdiction. *Chesapeake Exploration, L.L.C. v. Oil & Gas Comm.,* 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11." *State ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶ 7.

**{¶7}** "'[P]rohibition will [not] issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law.'" *State ex rel. Caskey v. Gano,* 135 Ohio St.3d 175, 2013-Ohio-71, 985 N.E.2d 453, ¶ 2, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 12.

**{¶8}** "For a writ of mandamus to issue, the relator must establish a clear legal right to the relief prayed for; the respondent must have a clear legal duty to perform the act; and the relator must have no plain and adequate remedy in the ordinary course of the law." *State ex rel. Widmer v. Mohney*, 11th Dist. Geauga No. 2007-G-2776, 2008-Ohio-1028, ¶31.

## JURISDICTION TO RECONSIDER SUMMARY JUDGMENT

**{¶9}** Relator does not contend Respondent lacks or lacked jurisdiction over the underlying case. Rather, Relator's only contention is that Respondent lacked jurisdiction to modify the order issued by Judge Henson granting summary judgment.

**{¶10}** This Court dismissed the appeal in the underlying case because the order was not yet a final, appealable order.

**{¶11}** The Supreme Court has explained, "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. Rule 54(B) makes mandatory the use of the language, "there is no just reason for delay." Unless those words appear where multiple claims and/or multiple parties exist, **the order is subject to modification** and it cannot be either final or appealable. *Jarrett v. Dayton Osteopathic Hospital, Inc.* (1985), 20 Ohio St.3d 77, 20 OBR 407, 486 N.E.2d 99; *Whitaker-Merrell Co. v. Geupel Construction Co.* (1972), 29 Ohio St.2d 184, 58 O.O.2d 399, 280 N.E.2d 922, syllabus." *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1385 (1989) (emphasis added).

**{¶12}** Relator relies on the holding in *Ricciardi v. D'Apolito,* 7th Dist. Mahoning No. 09MA60, 2010-Ohio-1016, in support of its position that summary judgment cannot be

vacated as Respondent did. The facts presented in this case are not the same as those presented in *Ricciardi* where a writ of prohibition was granted because the trial court vacated a summary judgment ruling after the ruling became a final, appealable order. The *Ricciardi* court held, "the trial court was not permitted to modify or vacate the judgment except through the filing of an appropriate motion as set forth in the Rules for Civil Procedure." The holding in *Riccardi* hinged on the fact that the order was already a final order. In the instant case, we have already held the order was not yet a final, appealable order. Because a final order did not exist, the order granting summary judgment was subject to modification.

**{¶13}** Respondent is not about to exercise judicial power that is unauthorized by law. Therefore, the writ of prohibition will not issue. Further, Relator has failed to demonstrate he has a clear legal right to have Respondent vacate his order setting the case for trial. Likewise, the writ of mandamus will not issue.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, Jr., J., concur.


JWWd 1201