[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Technical Constr. Specialties, Inc. v. DeWeese*, Slip Opinion No. 2018-Ohio-5082.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5082

[THE STATE EX REL.] TECHNICAL CONSTRUCTION SPECIALTIES, INC. D.B.A. MASTERFLOORS, APPELLANT, *v.* DEWEESE, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Technical Constr. Specialties, Inc. v. DeWeese, Slip Opinion No. 2018-Ohio-5082.*]

*Mandamus—Prohibition—Writs denied—Trial court judge authorized in exercise of jurisdiction—No final, appealable order and no clear legal right to relief—Court of appeals' judgment affirmed.*

(No. 2018-0324—Submitted July 17, 2018—Decided December 19, 2018.)

APPEAL from the Court of Appeals for Richland County,

No. 17 CA 69, 2018-Ohio-213.

_____

**Per Curiam.**

{¶ 1} Appellant, Technical Construction Specialties, Inc., d.b.a. Masterfloors ("TCS"), appeals the judgment of the Fifth District Court of Appeals denying TCS's complaint for writs of mandamus and prohibition against appellee,

Richland County Court of Common Pleas Judge James DeWeese.  We affirm the judgment of the court of appeals.

**Background**

**{¶ 2}** The following facts are undisputed.

*The breach-of-contract action*

**{¶ 3}** In November 2008, TCS filed a complaint in Richland County Common Pleas Court for breach of contract and other claims against Bogner Construction Company ("Bogner"), Sauereisen, Inc., Ohio Farmers Insurance Company, and the Richland County Board of Commissioners ("the board") in connection with a construction project for the Richland County Jail.  On November 29, 2011, Judge James Henson granted summary judgment in favor of TCS as to its claims against Bogner and the board.  The board appealed, but the Fifth District dismissed the appeal for lack of a final, appealable order because claims against other parties and various motions remained pending in the trial court.  *TCS, Inc. v. Bogner Constr. Co.*, 5th Dist. Richland No. 11CA126 (Apr. 13, 2012) ("*TCS I*").

**{¶ 4}** On January 15, 2013, the trial court entered an order reaffirming its November 29, 2011 decision.  In the same order, the court denied the board's requests for summary judgment and denied Bogner's counterclaims against TCS.  The court also noted that a number of claims and counterclaims involving other defendants remained pending.  Bogner and the board separately appealed, but the court of appeals again dismissed for lack of a final, appealable order.  *TCS, Inc. v. Bogner Constr. Co.*, 5th Dist. Richland Nos. 13CA14 and 13CA23 (July 18, 2013) ("*TCS II*").

**{¶ 5}** In orders entered on October 9 and November 4, 2013, the trial court awarded TCS attorney fees.  The board and Bogner separately appealed the trial court's orders dated November 29, 2011, January 15, 2013, October 9, 2013, and November 4, 2013.  The appellate court consolidated the appeals.

**{¶ 6}** On May 6, 2014—for the third time—the Fifth District dismissed the consolidated appeals for lack of a final, appealable order. The court of appeals explained that not one of the four trial-court orders "both resolves all of the claims of the parties to these appeals and contains Civ.R. 54(B) language." Therefore, the appellate court held that it lacked jurisdiction to entertain the appeals. *TCS, Inc. v. Bogner Constr. Co.*, 5th Dist. Richland Nos. 13CA96 and 13CA101, 2014-Ohio-1982, ¶ 35-36 ("*TCS III*").

**{¶ 7}** While those appeals were pending, Judge Henson retired in December 2013. After dismissal by the appellate court, the case remained pending at the trial court for nearly two years before it was reassigned to Judge DeWeese. On October 7, 2016, Judge DeWeese granted Bogner leave to file a motion for reconsideration. The board and Bogner each subsequently sought relief, under Civ.R. 60(B)(5), from the trial court's November 2011 and January 2013 orders granting summary judgment to TCS.

**{¶ 8}** On December 6, 2016, Judge DeWeese "vacated until further resolution" the November 2011 and January 2013 summary-judgment orders. Noting that the court of appeals had determined that no final, appealable order existed in the case, Judge DeWeese declined to grant relief under Civ.R. 60(B), which applies only to final judgments. Instead, Judge DeWeese based his decision on Civ.R. 54(B), which allows for revision of certain nonfinal, nonappealable orders.

**{¶ 9}** Judge DeWeese subsequently denied several motions filed by TCS, including a request that the court add a Civ.R. 54(B) determination to make the October 9 and November 4, 2013 attorney-fee awards final and appealable. On June 5, 2017, Judge DeWeese granted the board's motion for summary judgment. But the case remains pending because TCS's claims against Bogner, Sauereisen, and Ohio Farmers Insurance are unresolved, as are Bogner's and Sauereisen's counterclaims against TCS.

*The mandamus-and-prohibition action*

{¶ 10} On August 18, 2017, TCS filed a complaint for writs of mandamus and prohibition in the Fifth District Court of Appeals, seeking to compel Judge DeWeese to enter a final, appealable order on Judge Henson's prior rulings, vacate several orders Judge DeWeese had entered in the underlying case, including the December 6, 2016 order that overturned Judge Henson's November 2011 summary-judgment ruling, and bar Judge DeWeese from moving forward with a trial.

{¶ 11} On January 19, 2018, the court of appeals denied the writs, holding that because none of Judge Henson's orders were final and appealable, they were subject to modification under Civ.R. 54(B). *Technical Constr. Specialties, Inc. v. DeWeese*, 5th Dist. Richland No. 17CA69, 2018-Ohio-213, ¶ 12 ("*TCS IV*"). TCS has appealed and requests oral argument. On May 18, 2018, Judge DeWeese vacated the trial date pending this court's disposition of this appeal.

**Legal Analysis**

{¶ 12} To be entitled to a writ of mandamus, TCS must establish (1) a clear legal right to the requested relief, (2) a corresponding legal duty on the part of Judge DeWeese to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24. To be entitled to the requested writ of prohibition, TCS must establish that (1) Judge DeWeese has exercised or is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 13} Judge DeWeese clearly exercised jurisdiction in the underlying case, thus satisfying the first criterion for the writ of prohibition. The next question, then, is whether that exercise of jurisdiction was authorized.

**{¶ 14}** We affirm the court of appeals' judgment because, as the court of appeals correctly held, Judge DeWeese was authorized to modify the December 6, 2016 order. In its sole proposition of law, TCS contends that Judge Henson's January 2013 summary-judgment order was final and appealable and that Judge DeWeese therefore patently and unambiguously lacked jurisdiction to revise it. As TCS observes, the January 2013 order contains the "no just cause for delay" language required by Civ.R. 54(B). Yet that order was twice reviewed on appeal and twice found to be a nonfinal, nonappealable order. *TCS II*, 5th Dist. Richland Nos. 13CA14 and 13CA23; *TCS III*, 5th Dist. Richland Nos. 13CA96 and 13CA101, 2014-Ohio-1982, at ¶ 1, 35. The court of appeals explained that not one of the four trial-court orders both resolved the claims of all parties and contained the requisite Civ.R. 54(B) language and that the appellate court therefore lacked jurisdiction to entertain the appeals. Accordingly, Judge DeWeese had jurisdiction over the case and was authorized to revise the previous orders granting summary judgment to TCS under Civ.R. 54(B).

**{¶ 15}** Likewise, TCS cannot show that it has a clear legal right to relief, and it is therefore not entitled to a writ of mandamus. In support of its argument, TCS urges this court to interpret the court of appeals' 2014 decision in *TCS III* as holding that the trial court, on remand, must make the previous orders final and appealable by satisfying the Civ.R. 54(B) requirement with express language indicating that there is no just reason for delay. But contrary to TCS's argument, the Fifth District's opinion in *TCS III* did not expressly command the trial court, on remand, to take any specific action and certainly did not direct the trial court to amend any of the prior orders to include a determination under Civ.R. 54(B) that there is no just reason for delay. Instead, the court of appeals held that no final, appealable order existed and thus, it had no jurisdiction over the appeals. *TCS III* at ¶ 35-37.

**{¶ 16}** Finally, TCS contends that Judge DeWeese lacked jurisdiction to consider Bogner's and the board's motions for reconsideration, which TCS alleges were filed in excess of three years after Judge Henson's January 2013 summary-judgment order. "Laches occurs when unreasonable and inexcusable delay in asserting a known right causes material prejudice." *State ex rel. Carver v. Hull*, 70 Ohio St.3d 570, 577, 639 N.E.2d 1175 (1994). Whether laches will bar a claim is well within the court's discretion. *Id.*

**{¶ 17}** Regardless of the merit of TCS's laches argument, writs of mandamus and prohibition "will not issue to control * * * judicial discretion, even if that discretion is abused." *Berthelot v. Dezso*, 86 Ohio St.3d 257, 259, 714 N.E.2d 888 (1999). Whether laches barred the board and Bogner from seeking reconsideration of the January 2013 summary-judgment order and whether Judge DeWeese abused his discretion when he ruled on those motions are issues that should be addressed in a direct appeal following the trial-court proceedings.

**{¶ 18}** Oral argument is not required in this appeal but can be granted at our discretion. *See* S.Ct.Prac.R. 17. Because this appeal does not involve issues of great public importance, substantial constitutional issues, complex issues of law or fact, or a conflict among courts of appeals, we deny TCS's motion for oral argument. *See State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

**{¶ 19}** Accordingly, we affirm the judgment of the court of appeals denying TCS's complaint for writs of mandamus and prohibition.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____

Daniel M. Walpole, for appellant.

Gary Bishop, Richland County Prosecuting Attorney, and Andrew S. Keller, Assistant Prosecuting Attorney, for appellee.

_____