**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. Russo*, Slip Opinion No. 2020-Ohio-829.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-829

THE STATE EX REL. MARTIN, APPELLANT, *v*. RUSSO, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. Russo*, Slip Opinion No. 2020-Ohio-829.]**

*Mandamus—R.C. 2947.23—Relator had adequate remedy at law by way of appeal of ruling on motion to waive, suspend, or modify court costs—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2019-0903—Submitted December 10, 2019—Decided March 10, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 108231, 2019-Ohio-2242.

_____

**Per Curiam.**

{¶ 1} Appellant, Tramaine Edward Martin, appeals the Eighth District Court of Appeals' judgment dismissing his petition for a writ of mandamus against

appellees, Cuyahoga County Court of Common Pleas Judges Joseph D. Russo and Michael J. Russo ("the judges"). For the reasons below, we affirm.

## BACKGROUND

{¶ 2} In November 2009, Martin entered guilty pleas to one count of receiving stolen property and one count of drug possession. Judge Joseph Russo sentenced Martin in January 2010, imposing concurrent 12-month prison sentences and ordering Martin to pay court costs. Martin did not appeal. However, in April 2010, he filed a motion to vacate court costs, which the trial court denied.

{¶ 3} In June 2010, Martin entered guilty pleas to one count of failure to comply and one count of receiving stolen property. Judge Michael Russo sentenced Martin to an aggregate term of 24-months' imprisonment, to be served concurrently with Martin's prior sentence, and ordered him to pay court costs. Martin's convictions were affirmed on appeal. *State v. Martin*, 8th Dist. Cuyahoga No. 95281, 2011-Ohio-222.

{¶ 4} In May 2018, Martin filed motions in each criminal case asking the judges to vacate their orders imposing court costs. The motions were denied.

{¶ 5} In February 2019, Martin filed a petition for a writ of mandamus in the Eighth District seeking to compel the judges to vacate their orders imposing court costs and to hold hearings on Martin's ability to pay court costs under R.C. 2947.23.[1] The judges filed a motion to dismiss the petition. In response, Martin moved for summary judgment and asked the court to strike the motion to dismiss. The Eighth District denied Martin's motion and granted the judges' motion to dismiss. 8th Dist. Cuyahoga No. 108231, 2019-Ohio-2242.

{¶ 6} Martin appealed and the case is fully briefed.

---

1. The petition mistakenly cites R.C. 2947.36(B), which does not exist. But Martin's other filings indicate that his arguments are based on R.C. 2947.23(B).

## ANALYSIS

{¶ 7} This court reviews the dismissal of a mandamus petition under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10. Dismissal is appropriate only if it "appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor." *State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St. 3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

{¶ 8} To be entitled to mandamus relief, Martin must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

{¶ 9} Martin seeks an order directing the judges to vacate their 2010 orders imposing court costs. "R.C. 2947.23 requires a trial court to assess costs against all criminal defendants, even if the defendant is indigent." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 239. However, the trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * *, at the time of sentencing or any time thereafter." R.C. 2947.23(C). This is true regardless of whether the costs were imposed before or after the current version of R.C. 2947.23(C) took effect.[2]

---

2. In its decision dismissing Martin's mandamus petition, the Eighth District held that the respondent judges did not retain jurisdiction to modify the 2010 cost orders, relying on this court's decision in *State v. Braden*, __ Ohio St.3d __, 2018-Ohio-5079, __ N.E.3d __, ¶ 24 (for sentences entered prior to March 23, 2013, the trial court lacks jurisdiction to reconsider its own final order). However, this court subsequently granted reconsideration in *Braden* and held that "R.C. 2947.23(C) authorizes trial courts to waive, suspend or modify the payment of court costs imposed both before and after its effective date." *State v. Braden*, __ Ohio St.3d __, 2019-Ohio-4204, __ N.E.3d __, ¶ 31.

**{¶ 10}** This statute neither establishes that the judges have a clear legal duty to provide the relief that Martin seeks nor that he has a clear legal right to receive it. A decision whether to waive, suspend, or modify an order requiring the payment of court costs is in the discretion of the trial court. *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 24 (interpreting an earlier version of R.C. 2947.23 and holding that "a court's denial of an indigent criminal defendant's motion for waiver of payment of costs is reviewed under an abuse-of-discretion standard"); *see also State v. Braden*, __ Ohio St.3d __, 2019-Ohio-4204, __ N.E.3d __, ¶ 30 (R.C. 2947.23 "gives the trial court continuing jurisdiction to waive, suspend or modify, in its discretion, the payment of costs if costs remain"). " 'Mandamus will not lie to control judicial discretion, even if that discretion is abused.' " *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, 4 N.E.3d 1040, ¶ 11, quoting *State ex rel. Rashada v. Pianka*, 112 Ohio St.3d 44, 2006-Ohio-6366, 857 N.E.2d 1220, ¶ 3.

**{¶ 11}** Moreover, Martin cannot establish that he lacks an adequate remedy at law by which to challenge the trial courts' determinations under R.C. 2947.23. Martin could have appealed the denial of his May 2018 motions to vacate his court costs. *State ex rel. Galloway v. Lucas Cty. Court of Common Pleas*, 130 Ohio St.3d 206, 2011-Ohio-5259, 957 N.E.2d 11, ¶ 4. Indeed, defendants regularly appeal a trial court's denial of a motion to waive, suspend, or modify court costs under R.C. 2947.43. *See, e.g.*, *State v. Jordan*, 10th Dist. Franklin No. 18AP-870, 2019-Ohio-2536; *State v. Lundy*, 3d Dist. Allen No. 1-18-11, 2018-Ohio-2243; *State v. Sanders*, 4th Dist. Pickaway No. 16A25, 2017-Ohio-8088; *State v. Dunson*, 2d Dist. Montgomery No. 26990, 2016-Ohio-8365; *but see State v. Goodman*, 11th Dist. Trumbull No. 2014-T-0047, 2014-Ohio-4884, ¶ 1, 17 (denial of a defendant's motion to establish a payment plan for court costs is not a final, appealable order). As such, Martin is not entitled to a writ ordering the judges to vacate the court-costs orders.

{¶ 12} To the extent Martin seeks an order directing the judges to hold ability-to-pay hearings under R.C. 2947.23, he similarly cannot satisfy any of the elements for a writ of mandamus. R.C. 2947.23(B) states that if a trial court "has reason to believe" that a defendant has failed to pay a judgment of costs imposed under R.C. 2947.23(A), it "shall hold a hearing to determine whether to order the offender to perform community service for that failure." This statute does not, however, require courts to hold an ability-to-pay hearing before deciding whether to waive, suspend, or modify costs. Here, Martin asked the judges to vacate their initial orders imposing court costs. He did not ask them to consider imposing community service in lieu of costs. And, in any event, Martin had an adequate remedy at law by which to raise his ability-to-pay-hearing argument by appealing the trial courts' orders denying his motions to vacate costs.

{¶ 13} Finally, Martin suggests that the court-costs orders must be vacated because he has already served the prison terms imposed in the 2010 orders. But Martin cites no authority for the proposition that costs must be collected *before* a defendant has completed any associated term of imprisonment. Accordingly, we reject this argument.

{¶ 14} For these reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and DONNELLY, JJ., concur.

STEWART, J., not participating.

_____

Tramaine Edward Martin, pro se.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellees.

_____