[Cite as *State v. Hunter*, 2021-Ohio-2423.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200160 |
| | | TRIAL NO. B-1400110 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TRACIE HUNTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:    Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  July 16, 2021

*Croswell & Adams Co., LPA, R. Scott Croswell, III, Merlyn D. Shiverdecker, Shumaker, Loop & Kendrick, LLP,* and *David F. Axelrod,* Special Prosecuting Attorneys, for Plaintiff-Appellee,

*Santen & Hughes, LPA,* and *H. Louis Sirkin,* for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}   Defendant-appellant Tracie Hunter appeals from the judgment of the Hamilton County Court of Common Pleas granting in part and denying in part her motion to mitigate court costs.  For the reasons set forth below, we affirm in part and reverse in part the judgment of the trial court, and remand the cause to the trial court for removal of postsentencing transcript costs from the cost statement and reconsideration of postverdict transcript costs.

## I.  Facts and Procedure

{¶2}   On January 10, 2014, in the case numbered B-1400110, Hunter was indicted for two counts of tampering with evidence, two counts of forgery, two counts of having an unlawful interest in a public contract, and two counts of theft in office.  On January 14, 2014, in the case numbered B-1400199, Hunter was indicted for one charge of misusing credit cards.  The cases were consolidated for purposes of trial and the matter was tried before a jury.

{¶3}   Following a three-week trial, the jury returned a guilty verdict on one count of having an unlawful interest in a public contract as charged in B-1400110.  The jury was unable to reach a verdict on the seven remaining counts in B-1400110 and the one count in B-1400199.  In an entry dated October 15, 2014, the trial court declared a mistrial on the eight remaining counts.  On December 5, 2014, the court sentenced Hunter to one year of community control and six months in the Hamilton County Justice Center.  The court also ordered Hunter to pay court costs.  Hunter appealed, and on January 14, 2015, the trial court stayed the execution of her sentence.

{¶4}   While the appeal was pending, the state prepared to retry Hunter on the eight remaining counts, and the parties selected a date for the retrial.  On the day the retrial was scheduled to begin, and four days after this court affirmed Hunter's

conviction, the state dismissed the matter "for the reason that the defendant stands convicted and sentenced on Count 6 of indictment No. B-1400110."

{¶5} After execution of her sentence, Hunter filed a "Motion To Mitigate Court Costs." The total costs assessed against Hunter were $34,559.66. Hunter did not dispute her ability to pay, but instead argued that the court imposed statutorily unauthorized costs. The state did not file a response to the motion and no hearing on the motion was held. The trial court granted in part and denied in part the motion, agreeing to mitigate $348.00 in unauthorized costs. Thus, the court held that Hunter was required to pay a total of $34,211.66 in court costs. Hunter filed this timely appeal, raising one assignment of error for our review.

## II. Law and Analysis

{¶6} In a single assignment of error, Hunter contends that the trial court erred in refusing to mitigate unreasonable court costs not fairly assessed to her under R.C. 2947.23. Specifically, Hunter argues that the trial court abused its discretion in failing to mitigate court costs for charges that failed to yield a conviction, including transcripts unrelated to the prosecution of the case.

{¶7} R.C. 2947.23(C) grants the trial court the discretion to decide whether to waive, suspend, or modify an order imposing court costs. *State ex rel. Martin v. Russo*, 160 Ohio St.3d 21, 2020-Ohio-829, 153 N.E.3d 20, ¶ 10. Thus, we review a court's denial of a motion to modify court costs for an abuse of discretion. *Id.*, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 24.

1. Costs of prosecution must be assessed on a per case basis, not a per charge basis.

{¶8} Hunter contends that the trial court was not statutorily authorized to impose costs for the eight unsuccessful charges, i.e., the charges not resulting in a conviction.

3

{¶9} The parties agree that costs of prosecution can be assessed against a defendant only if the state is successful. In *State v. Lykins*, 2017-Ohio-9390, 102 N.E.3d 503, ¶ 23 (4th Dist.), the court explained:

> We point out that the statute indicates that a judge can include the costs of prosecution "in the sentence." "[T]he meaning of word 'sentence' in the context of a criminal case is '[t]he judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution.' " *State v. Powers*, 117 Ohio App.3d 124, 128, 690 N.E.2d 32 (6th Dist.1996), quoting *Black's Law Dictionary* 1362 (6th Ed.1990). "Accordingly, the intent of the statute is to impose costs on a defendant after his or her conviction." *Id.* Consequently, a judge can assess the costs of prosecution " 'only if the state is successful.' " *State v. Weddington*, 4th Dist. Scioto No. 15CA3695, 2015-Ohio-5249, ¶ 13, quoting *Powers* at 128[.]

{¶10} Hunter claims that the trial court abused its discretion by failing to divide the costs of prosecution on a pro rata basis. Hunter argues that because she was convicted of only one out of nine charges, she should be responsible for only "1/9th" of the total costs of prosecution of those charges.

{¶11} However, the plain language of R.C. 2947.23 and the controlling case law do not support Hunter's pro rata argument. R.C. 2947.23(A)(1) provides, "In all criminal **cases**, * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." (Emphasis added.) A "case" is defined as "a prosecution of all of the charges that result from the same act, transaction, or series of acts or transactions and that are given the same case type designator and case number." R.C. 2947.23 (D)(1). Thus, the plain language of the

4

statute states that costs of prosecution must be assessed on a per case basis, not a per charge basis.

{¶12} This view was affirmed by the Ohio Supreme Court in *City of Middleburg Hts. v. Quinones*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, ¶ 9, when it stated, "[R.C. 2947.23 (A)(1)] does not specifically authorize imposition of these costs for each offense committed." The court held that "trial judges are obligated to render a judgment for costs of prosecution on a per case basis, although they may be made up of a number of charges * * *." *Id.* at ¶ 10. Thus, the law does not support Hunter's pro rata argument.

{¶13} Here, Hunter was charged with nine counts under two separate cases. The cases were consolidated for trial, but the charges originated from two separate indictments and remained two separate case numbers. The jury returned a guilty verdict on one charge in B-140110, and the state dismissed the sole charge in B-140199. However, there is no indication that Hunter was assessed costs for the unsuccessful prosecution of B-140199.

{¶14} Instead, a review of the record shows that Hunter was assessed costs for only B-140110. Although that case was made up of eight charges, it was one case for purposes of R.C. 2947.23(D)(1). The jury returned one multi-count indictment, the counts were given the same case-type designator, and the counts were assigned a single case number. Hunter was successfully prosecuted on one of the eight charges. Thus, the trial court did not abuse its discretion in rejecting Hunter's pro rata argument and finding that costs must be assessed on a per case basis under the case numbered B-140110.

2. Costs of transcripts must be "costs of prosecution" under R.C. 2947.23(A)(1).

{¶15} Hunter also contends that the trial court was not statutorily authorized to impose the costs of transcripts, which she claims were ordered solely for the use and benefit of the prosecution.

{¶16} In support of her argument, Hunter points to R.C. 2301.24, which states, "The compensation shall be paid by the party for whose benefit a transcript is made." However, Hunter fails to recognize the next sentence in that statute, which provides: "The compensation for transcripts requested by the prosecuting attorney * * * in criminal cases or by the trial judge in * * * criminal cases, * * * shall be paid from the county treasury and taxed and collected as costs." Thus, if the prosecution requests transcripts and the court orders transcripts, then the compensation for them may be taxed as costs in the case.

{¶17} But this does not end our analysis. The costs of transcripts may be included in the sentence and rendered against the defendant only if they are a "cost of prosecution." R.C. 2947.23(A)(1). While this phrase has not been statutorily defined, the Ohio Supreme Court has defined "costs" as "the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action or prosecution, and which the statutes authorize to be taxed and included in the judgment or sentence." *City of Middleburg Hts.*, 120 Ohio St.3d 534, 2008-Ohio-6811, 900 N.E.2d 1005, at ¶ 8, quoting *State ex rel. Franklin Cty. Commrs. v. Guilbert*, 77 Ohio St. 333, 338, 83 N.E. 80 (1907). The court referenced several Ohio appellate courts that have generally defined "costs of prosecution" to mean "those [expenses] directly related to the court proceedings," *State v. Perz*, 173 Ohio App.3d 99, 2007-Ohio-3962, 877 N.E.2d 702, ¶ 36 (6th Dist.), and "the court costs incurred in the prosecution of the case," *State v. Holmes*, 6th Dist. Lucas No. L–01–1459, 2002-

6

Ohio-6185, ¶ 20. Thus, Hunter is responsible only for costs that are statutorily authorized and directly related to the successful prosecution of the underlying case.

{¶18} In this case, the trial court ordered transcripts on 16 separate occasions, totaling $22,415.26 in court costs. The cost statement identifies that $5,477.53 in transcripts was incurred prior to the verdict, $15,792.08 was incurred between the verdict and sentencing, and $1,145.65 was incurred after sentencing.

{¶19} It is generally accepted that a criminal prosecution begins with the filing of a complaint, indictment, or information and ends with the imposition of a sentence. *See* Crim.R. 4; Crim.R. 7; *Bradley v. United States*, 410 U.S. 605, 609, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973). Thus, as a matter of law, any transcripts ordered after sentencing cannot be considered "costs of prosecution." *See State v. Watkins*, 96 Ohio App.3d 195, 644 N.E.2d 1049 (1st Dist.1994) (holding that "costs of prosecution" should not include costs of probation). Accordingly, the trial court abused its discretion in assessing $1,145.65 in postsentencing transcript costs against Hunter.

{¶20} On the contrary, any transcripts ordered after the indictment and prior to sentencing can be considered "costs of prosecution." In this case, Hunter did not contest the cost of transcripts ordered prior to the verdict. Therefore, the trial court did not abuse its discretion in assessing $5,477.53 in preverdict transcript costs against Hunter.

{¶21} However, Hunter did contest the transcripts ordered after the verdict, but prior to sentencing. It is undisputed that the state intended to retry Hunter on the charges which resulted in a mistrial. It is also undisputed that the state ultimately dismissed those remaining charges. In her motion to mitigate costs, Hunter argued, "It is unclear whether [the postverdict transcript costs] were related to the sentencing hearing * * *, to preparation for the retrial, or to both. To the extent the transcripts were for the retrial, none of those costs should be charged to [her]." Hunter claimed that she

cannot be assessed costs for transcripts ordered in preparation for the retrial because she can only be assessed costs attributed to a successful prosecution.

{¶22}  The state argues that Hunter failed to demonstrate that the postverdict transcripts were generated exclusively for the prosecution of the dismissed charges.  It argues that Hunter filed numerous posttrial motions, which the prosecution could defend only by having the subject transcripts.  The state contends:  "Absent proof that the transcript charges related solely to the charges the State later dismissed, the trial court acted within its discretion in assessing the transcript costs."

{¶23}  However, a review of the record raises serious questions about whether those transcript costs were in fact for the purpose of opposing the posttrial motions.  The state incurred a total of $15,792.08 in postverdict transcript costs; $10,124.33 of which occurred five days after the trial court declared a mistrial and two days before Hunter's first posttrial motion.  All of Hunter's posttrial motions were limited in scope—the first concerning the trial court's failure to poll the jury after declaring a mistrial, the second concerning the sufficiency of the evidence supporting her conviction, and the third concerning alleged juror misconduct.  Notably, the state responded only to the first and third motions, and did not cite any transcripts in its responses.  Thus, Hunter raised an important concern that the postverdict transcript costs were for the state's preparation of her retrial rather than her successful prosecution, and therefore, not authorized by law.

{¶24}  If the record presents strong evidence that costs of prosecution were improperly assessed against a defendant, then the trial court's failure to address that issue may be an abuse of discretion.  *See, e.g., State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 26 (O'Connor, C.J., concurring) ("The record in a particular case might present such strong evidence regarding the defendant's inability to

pay court costs that the trial court's failure to address that issue might be an abuse of discretion.").

{¶25} "The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable." *State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 17, citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Although a trial court is not statutorily required to make findings supporting its decision upon a motion to modify court costs, "[u]nless the reason or reasons for the trial court's decision are apparent from the face of the record, it is not possible to determine if the decision is reasonable without some explanation of the reason or reasons for that decision." *Id.* Thus, meaningful appellate review requires either a decision from the trial court that explains its reasoning, or a clear record from which the appellate court can discern the trial court's reasoning. Here, we have neither.

{¶26} In this case, the trial court did not make sufficient findings to permit meaningful review of its decision not to mitigate $15,792.08 in postverdict transcript costs. The court held: "Transcripts used by the prosecution especially when ordered by the Court are legitimate costs of prosecution. * * * The prosecution asked the Court to order the transcripts for use in their prosecution. The Court agreed and ordered the transcripts. All of the transcript assessments are reasonable and fair and resultantly must stand." Addressing only the concerns of R.C. 2301.24, the court seemingly failed to consider the highly fact-specific issue that was raised by Hunter in her motion to mitigate: whether the postverdict transcripts were directly related to the successful prosecution of the case or whether they were instead related to the unsuccessful retrial.

9

{¶27} Nor are the reasons for the trial court's decision apparent from the face of the record. In her motion to mitigate costs, Hunter legitimately questioned whether the postverdict transcripts were related to the successful prosecution of her case or to the retrial of charges that were ultimately dismissed. The state did not file responsive pleadings to Hunter's motion to mitigate, and there was no hearing on the motion. Thus, a factual basis was not sufficiently developed in the record below to facilitate our review.

{¶28} Because we cannot perform meaningful appellate review based on the record before us, we must reverse the order of the trial court refusing to mitigate the postverdict transcript costs and remand the cause for reconsideration of Hunter's motion to mitigate costs on that basis.

{¶29} Hunter's sole assignment of error is overruled in part and sustained in part.

### III. Conclusion

{¶30} For the foregoing reasons, we affirm the portion of the trial court's judgment assessing as costs $5,477.53 in preverdict transcripts against Hunter, and reverse the portion of the court's judgment assessing as costs $1,145.65 in postsentencing transcripts against Hunter. We also reverse the portion of the trial court's judgment assessing as costs $15,792.08 in postverdict transcripts and we remand that part of the cause to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

BERGERON, P.J., and GALLAGHER, J., concur.

SEAN C. GALLAGHER, from the Eighth District Court of Appeals, sitting by assignment.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

