[Cite as *State ex rel. U.S. Bank Trust, NA v. Summit Cty.*, 2021-Ohio-3189.]

STATE OF OHIO            )            IN THE COURT OF APPEALS
                         )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT         )

STATE OF OHIO EX REL. US BANK
TRUST, NATIONAL ASSOCIATION, AS          C.A. No.      29889
TRUSTREE OF AMERICAN
HOMEOWNER PRESERVATION
TRUST SERIES 2014A 819 S. WABASH
ST., SUITE 606, CHICAGO, IL 60605

    Relator

    v.                                   ORIGINAL ACTION IN
                                           MANDAMUS
SUMMIT COUNTY, OHIO

    Respondent

Dated:  September 15, 2021

---

PER CURIAM.

{¶1}    Relator, US Bank, has petitioned this Court for a writ of mandamus directed to Respondent, Summit County, Ohio, seeking an order directing Summit County to begin appropriation proceedings regarding property that was foreclosed upon in 2017.  Summit County moved to dismiss and US Bank responded in opposition.  For the following reasons, this Court grants the motion to dismiss.

{¶2}    According to US Bank's complaint, it owned a property located in Summit County, Ohio.  There is no dispute that there were taxes due and unpaid on this property.  Summit County's Fiscal Officer commenced an expedited tax foreclosure case in the Summit County Board of Revision to collect delinquent real estate taxes, totaling about $4,000, owed on the property, valued at about $48,000.

*Requirements for a Writ of Mandamus and Motion to Dismiss*

{¶3}    "The United States and Ohio Constitutions guarantee that private property shall not be taken for public use without just compensation." (citations omitted) *State ex rel. Gilbert v. Cincinnati*, 125 Ohio St.3d 385, 2010-Ohio-1473, ¶ 14.  Mandamus serves as the appropriate action to compel public authorities to institute appropriation proceedings where the property owner has alleged an involuntary taking of private property.  *Id.*

{¶4}    In this context, to be entitled to the writ of mandamus, US Bank must establish a clear legal right to compel Summit County to commence appropriation proceedings, a corresponding legal duty on the part of Summit County to institute that action, and the lack of an adequate remedy for US Bank in the ordinary course of law.  *Id.* at ¶ 15.

{¶5}    Dismissal of a petition for writ of mandamus is appropriate only if it appears beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor.  *See, e.g., State ex rel. Martin v. Russo*, 160 Ohio St.3d 21, 2020-Ohio-829, ¶ 7.

*Expedited Foreclosure Procedure*

{¶6}    Although we normally begin with a review of the facts in the complaint, the import of those facts is tied directly to Ohio's statutory expedited foreclosure scheme. Accordingly, we begin with a brief overview of the statutory procedures before we turn to the facts.

{¶7}    R.C. 323.25 authorizes the county treasurer to enforce a tax lien by filing a suit, just as a mortgage lien could be enforced.  In the typical case, the property is sold at a public

auction and the proceeds are used to cover the lien. If the proceeds from the sale exceed the amount of the lien, those proceeds are paid to the former owner of the property.

{¶8} The General Assembly adopted an alternative, expedited, procedure for handling tax foreclosures on abandoned property. R.C. 323.66. Instead of selling the property at a public auction, it can be transferred to a land bank. R.C. 323.78(B). The transfer deems the liens satisfied. *Id.* No taxes are collected and no funds are paid to the fiscal office as a result of this transfer.

{¶9} This procedure is abbreviated, but it is not without protections for property owners. For example, the Board of Revision must provide notice to the property owner. The Board, on its own or upon motion of a party, may transfer a case from the Board of Revision to a common pleas or municipal court with jurisdiction to handle any challenges to the foreclosure. R.C. 323.691(A)(1); R.C. 323.70(B).

{¶10} Even after the Board's foreclosure decision, the property owner has remedies. R.C. 323.65(J). The owner may pay the outstanding amount due within 28 days to redeem the property. The owner may also file an appeal in the court of common pleas. R.C. 323.79. In this appeal, the owner may raise new issues that were not presented to the Board or Revision. *Id.*

*The Facts Alleged in the Complaint*

{¶11} Turning to the facts alleged in the complaint, there is no dispute that the taxes were delinquent on the property owned by US Bank that is the subject of this action. This property was foreclosed upon in 2017 pursuant to the expedited process that allows for property to be transferred to the land bank rather than sold at auction.

{¶12} The Board of Revision held a hearing on November 17, 2017. US Bank did not appear at that hearing. Following the hearing, the Board entered an Adjudication of Foreclosure

Direct Transfer. This adjudication ordered that US Bank's right of redemption would be extinguished after 28 days, as required by R.C. 323.78. It also provided for the direct transfer of the property to the land bank at the expiration of the redemption period. US Bank did not appeal this decision to the court of common pleas. R.C. 323.79.

{¶13} After 28 days had passed, in December 2017, the Board ordered the sheriff to transfer the property to the land bank. It also ordered the sheriff to issue a deed to the land bank for the property.

{¶14} The complaint alleges that the direct transfer of the property to the land bank constituted a taking pursuant to the Ohio and United States Constitutions. It further alleges that, by this transfer, Summit County deprived US Bank of its ownership of the property without providing compensation for the value of the property, which exceeded the amount owed in taxes. US Bank filed this action three years after the foreclosure process terminated to seek a writ of mandamus to order Summit County to begin appropriation proceedings.

*Summit County's Motion to Dismiss and US Bank's Response*

{¶15} Summit County moved to dismiss. It argued, among other things, that US Bank was not entitled to mandamus relief because it had an adequate remedy at law and that US Bank was not entitled to relief because a taking cannot arise from the enforcement of tax laws.

{¶16} We conclude that US Bank had an adequate remedy at law, which is dispositive of its claim for mandamus relief. Accordingly, we address only that argument.

*Analysis*

{¶17} As noted above, the property was sold through an expedited tax foreclosure proceeding. R.C. 323.66. After the complaint was filed, the clerk served the complaint. Pursuant to R.C. 323.69(B)(1), the clerk's notice stated that the land would be sold at public auction or

otherwise disposed of. The notice also provided that the land could be redeemed by paying the total amount due at any time before the confirmation of sale or transfer of the land. *Id.*

{¶18} The statutory scheme provides an opportunity for a property owner to answer the complaint. R.C. 323.72(A)(1). In the answer, the owner may assert that the amount due has been paid, challenge the amount due, raise issues regarding service, and challenge whether the property is abandoned land. *Id.*

{¶19} If the property is subject to foreclosure, it must be sold at a public auction or it may be transferred to a land bank. R.C. 323.78(A). If the latter option is pursued, no sale takes place, but the owner has a 28-day period to redeem the property. R.C. 323.78(A). If the property is not redeemed, the Board of Revision shall transfer the property to the land bank. R.C. 323.78(B).

{¶20} The transfer to the land bank is free and clear of all liens. *Id.* The transfer is also authorized even if the fair market value of the property exceeds the value of the liens, other charges, and the costs of the action. *Id.*

{¶21} Even though this foreclosure process is expedited, the statute still provides a right to appeal. R.C. 323.79. An aggrieved party may file an appeal in the court of common pleas within 14 days of the journalization of the transfer to the land bank. *Id.* This appeal is unique as compared to other administrative appeals because it proceeds as an appeal de novo. *Id.* The appeal may include issues raised in the proceedings before the Board of Revision as well as other issues that are raised for the first time on appeal. *Id.*

{¶22} Having outlined the procedural path the property traveled during the foreclosure proceedings, we now consider the alternative remedies that were available to US Bank. The complaint is silent about whether US Bank appeared in the foreclosure proceedings. The

attachments to the complaint indicate that all parties were served and US Bank has not disputed in the complaint that it was not properly served.  In its response to Summit County's motion to dismiss, however, US Bank noted in passing that it "was not properly served with the summons and complaint."  US Bank did not mention this in its complaint for mandamus relief, and it does not mention it further or rely on it in its response to the motion to dismiss, so we do not consider it in our analysis.

{¶23}  US Bank has also not alleged in the complaint that it did not receive the required notice of the foreclosure proceedings.  Because US Bank failed to participate, it missed its opportunity to move the Board of Revision to transfer the action to a common pleas or municipal court for further proceedings.  R.C. 323.70.

{¶24}  After the foreclose was completed, US Bank also had the statutory right to appeal the decision to the court of common pleas.  But it did not.  Had it appealed, it could have presented arguments even though it had failed to appear and raise them during the foreclosure proceedings before the Board of Revision.

{¶25}  As just outlined, US Bank had several remedies available to it short of seeking a writ of mandamus.  Although those remedies are no longer available, that does not mean the remedies are inadequate.  *State ex rel. Gaydosh v. Twinsburg*, 93 Ohio St.3d 576, 579 (2001).

{¶26}  Finally, we note that our conclusion is consistent with the recent decisions of the Sixth and Eighth Districts in nearly identical cases.  *State ex rel. US Bank v. Lucas Cty.*, 6th Dist. Lucas No. L-21-1087, ¶ 23 (Aug. 5, 2021); *State ex rel. US Bank v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 110297, 2021-Ohio-2524, ¶ 33.

*Conclusion*

{¶27}  US Bank had plain and adequate remedies at law.  Accordingly, it is not entitled to the writ of mandamus.  Summit County's motion to dismiss is granted, and this case is dismissed.

{¶28}  Costs are taxed to US Bank.  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal.  *See* Civ.R. 58.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MARC E. DANN and ANDREW M. ENGEL, Attorneys at Law, for Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and REDINA M. VANVOROUS and RAYMOND J. HARTSOUGH, Assistant Prosecuting Attorneys, for Respondent.