[Cite as *State ex rel. US Bank Trust, Natl. Assn. v. Trumbull Cty., Bd. of Commrs.*, 2022-Ohio-1817.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, ex rel. US BANK TRUST, NATIONAL ASSOCIATION, AS TRUSTEE OF AMERICAN HOMEOWNER PRESERVATION TRUST SERIES 2015A+, | CASE NO. 2021-T-0023 |
| Relator, | Original Action for Writ of Mandamus |
| - v - | |
| TRUMBULL COUNTY, OHIO BOARD OF COUNTY COMMISSIONERS, | |
| Respondent. | |

## P E R   C U R I A M
## O P I N I O N

Decided: May 31, 2022
Judgment: Petition dismissed

*Marc E. Dann* and *Andrew M. Engel*, Advocate Attorneys, LLP, 1629 K Street N.W., Suite 300, Washington, DC 20006 (For Relator).

*Lynn B. Griffith, III*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481, and *Stephen W. Funk*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, OH 44308 (For Respondent).

PER CURIAM.

{¶1} Before this court is relator, US Bank Trust, National Association's, Complaint for Writ of Mandamus, construed as a petition for mandamus. Respondent, Trumbull County Board of Commissioners, has filed a Motion to Dismiss, pursuant to

Civ.R. 12(B)(6), claiming that US Bank lacks standing and has failed to establish the essential elements of a mandamus claim under the law. For the following reasons, US Bank's Complaint is dismissed.

{¶2} On May 11, 2021, US Bank filed its Complaint for Writ of Mandamus. US Bank requests that this court issue a writ compelling respondent to "initiate appropriation proceedings pursuant to Ohio Revised Code Chapter 163."

{¶3} According to US Bank's Complaint and attached court records, in 2002, Julius Hughley executed a mortgage in the amount of $27,000 for a property located at 1244 Pearl Street in Warren, Ohio, with the lender, ABN AMRO Mortgage Group. A tax foreclosure case was instituted by the Trumbull County Treasurer against Hughley in Trumbull County Court of Common Pleas Case No. 2017CV378 on March 2, 2017, to collect delinquent real estate taxes on the subject property in the amount of $2,340.43. At that time, a balance of $26,132.88 remained due on the note and mortgage, which had been assigned to Biltmore Funding, LLC. Biltmore was named as a defendant and served with a summons and copy of the complaint.

{¶4} On June 27, 2017, the Trumbull County Court of Common Pleas issued a Finding and Decree of Court in which it ordered foreclosure of the property. It set forth that unless the defendants caused to be paid to the treasurer the amount due within 28 days of the entry, all rights would be foreclosed and the parcel would be transferred to the Trumbull County Land Reutilization Corporation ("Land Bank") "free and clear of all liens and encumbrances." No payment was made. On September 26, 2017, the mortgage was assigned from Biltmore to Janet Northrup, Chapter 7 Trustee of the Bankruptcy Estate of 3 Star Properties, LLC. The mortgage was then assigned to US

2

Bank on October 10, 2017, and the assignment was recorded on November 13, 2017. A Sheriff's Deed was issued January 31, 2018, transferring the subject property to the Land Bank.

{¶5}     In its Complaint, US Bank argues that the direct transfer of the property to the Land Bank without compensation for the value of the mortgage constituted a taking in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Ohio Constitution ("where private property shall be taken for public use, a compensation therefor shall first be made in money"). It contends that the respondent failed to fulfill its duties to commence an appropriation proceeding to prove the propriety of the taking and pay just compensation, since the fair market value of the property exceeded the delinquent taxes owed.

{¶6}     The Board of Commissioners filed a Motion to Dismiss on June 23, 2021, in which it argues that US Bank does not have standing because it did not own the property when the court ordered it transferred to the Land Bank. The Board further argues that there was an adequate remedy by way of law through an appeal or counterclaim in the prior proceedings. Finally, the Board contends it had no clear legal duty to commence an appropriation proceeding because the property was lawfully acquired under an exercise of governmental authority pursuant to R.C. 323.78.

{¶7}     "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official

3

has a clear legal duty to perform that act; and (3) there is no legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Vance v. Kontos*, 11th Dist. Trumbull No. 2014-T-0078, 2014-Ohio-5080, ¶ 9. "Under Ohio law, '[m]andamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged.'" *State ex rel. Cuyahoga Lakefront Land, L.L.C. v. Cleveland*, 148 Ohio St.3d 531, 2016-Ohio-7640, 71 N.E.3d 1016, ¶ 13, citing *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, ¶ 53.

{¶8} A relator seeking a writ of mandamus must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 10. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Nyamusevya v. Hawkins*, 165 Ohio St.3d 22, 2021-Ohio-1122, 175 N.E.3d 495, ¶ 10, citing *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

{¶9} Both parties indicate in their respective filings that the foreclosure was brought pursuant to R.C. 323.65 et seq., which sets forth a procedure for foreclosure of a lien for real estate taxes on abandoned properties. The Complaint filed in the Court of Common Pleas initiating the tax foreclosure action requests an order that the property be sold "in the manner provided in 5721.19 of the Ohio Revised Code."

{¶10} R.C. 5721.18 et seq. sets forth the procedure for seeking foreclosure on

4

"delinquent lands," "all lands * * * upon which delinquent taxes, as defined in section 323.01 of the Revised Code, remain unpaid at the time a settlement is made between the county treasurer and auditor." R.C. 5721.01(A)(1). Pursuant to R.C. 5721.18, the prosecuting attorney shall institute foreclosure proceedings in the court or board of revision upon receipt of a delinquent land tax certificate. R.C. 323.66(A) provides that, "[i]n lieu of utilizing the judicial foreclosure proceedings and other procedures and remedies available * * * under Chapter 5721. * * * of the Revised Code, a county board of revision created under section 5715.01 of the Revised Code, upon the board's initiative, expressed by resolution, may foreclose the state's lien for real estate taxes upon abandoned land," defined as "delinquent lands * * * that are unoccupied and that * * * appeared on the list compiled under division (C) of section 323.67 of the Revised Code, or the delinquent tax list or delinquent vacant land tax list compiled under section 5721.03 of the Revised Code." R.C. 323.65(A). R.C. 323.78(A) and (B) provide that "a county treasurer may elect to invoke the alternative redemption period in any petition for foreclosure of abandoned lands under * * * sections 323.65 to 323.79, or section 5721.18 of the Revised Code" which, if invoked, allows that the parcel may be transferred directly by deed to a county land reutilization corporation free and clear of all liens upon the expiration of the 28-day period.

{¶11} We first address the Board's assertion that this matter should be dismissed due to lack of standing. The Board argues that US Bank lacks standing because it did not have an interest in the property during the tax foreclosure action or at any time before a final judgment of foreclosure was entered. US Bank responded by asserting that it was assigned the rights to the mortgage and thus has the right to enforce its interest in the

5

property.

{¶12} "It is well established that before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 469, 715 N.E.2d 1062 (1999). "The concept of 'standing' involves whether the plaintiff to a civil action has alleged such a personal stake in the outcome of the controversy that he or she is entitled to have a court hear the case." *Progressive Macedonia, LLC v. Shepherd*, 11th Dist. Trumbull No. 2020-T-0036, 2021-Ohio-792, ¶ 59; *Clifton v. Blanchester*, 131 Ohio St.3d 287, 2012-Ohio-780, 964 N.E.2d 414, ¶ 15. "Under the basic doctrine of standing, a person will not be deemed a 'real party in interest' simply because he claims to be concerned about an action's subject matter; instead, he must be in a position to sustain either a direct benefit or injury from the resolution of the case." *Lager v. Plough*, 11th Dist. Portage No. 2006-P-0013, 2006-Ohio-2772, ¶ 7, citing *State ex rel. Village of Botkins v. Laws*, 69 Ohio St.3d 383, 387, 632 N.E.2d 897 (1994).

{¶13} The Eighth District has addressed the issue of standing in a proceeding for mandamus by US Bank alleging the same issue here, that "the transfer of the subject property to the Land Bank without public sale constitutes a taking of relator's property interest without just compensation." *State ex rel. US Bank Trust Natl. Assn. v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 110297, 2021-Ohio-2524, ¶ 1. In *US Bank*, the mortgage was assigned to US Bank after the institution of the foreclosure proceedings but prior to the issuance of a decree of foreclosure. The appellate court emphasized that, pursuant to the doctrine of lis pendens, i.e., the principle that "one who acquires an interest in the property during the pending lawsuit 'takes subject to the judgment or decree, and is as

6

conclusively bound by the result of the litigation as if he had been a party thereto from the outset,'" the prior mortgage holder can "alienate its interest in the property to another, but the other party takes subject to the pending action and is bound by the results." *Id.* at ¶ 9. Since the lien was extinguished through the foreclosure action and US Bank and/or the predecessor lost their interest in the property, standing could not be established due to a lack of an injury traceable to the unlawful conduct of a defendant/respondent. *Id.* at ¶ 12. As the court emphasized, since property interest was extinguished in a valid foreclosure action, US Bank did not possess an interest in the property that could be redressed in a mandamus action. *Id.* at ¶ 13. *See also State ex rel. R.T.G., Inc. v. State*, 141 Ohio App.3d 784, 794, 753 N.E.2d 869 (10th Dist.2001), *rev'd in part on other grounds*, 98 Ohio St.3d 1, 2002-Ohio-6716, 780 N.E.2d 998 ("since compensation is due at the time of the taking, the owner at that time, not the owner at an earlier or later date" is entitled to compensation).

{¶14} Although somewhat different procedurally, the foregoing principles apply here as well. The common pleas court issued a judgment in foreclosure against the property on the tax lien on June 27, 2017, ordering a 28-day period of redemption after which time the parcel would be transferred to the Trumbull County Land Reutilization Corporation and that all liens and interests recorded after March 2, 2017, were "forever barred." The mortgage was assigned to US Bank on October 10, 2017. It is undisputed that US Bank's predecessor failed to take action to dispute the foreclosure proceedings although it was properly given notice and made part of such proceedings. US Bank chose to purchase a mortgage on a property that had already been foreclosed upon and which the court had ordered all liens and interests filed after March 2, 2017, were extinguished.

7

Case No. 2021-T-0023

It should not be entitled to relief simply because it was unable to appear in the proceedings prior to foreclosure. The argument that US Bank should be permitted to raise these issues several years after the foreclosure proceedings fails to comport with logic; this would allow the reassignment of mortgages after foreclosure in an attempt to litigate the action anew when a prior party failed to do so, dragging proceedings out indefinitely.

{¶15} US Bank argues that the following mortgage provision applies to provide standing: "All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender." Such proceeds are defined as "any compensation, settlement, award of damages, or proceeds paid by any third party * * * for * * * condemnation or other taking of all or any part of the Property * * *." In considering the same clause, the Eighth District held that "[t]he right assigned in the mortgage was a contractual right to funds between the mortgagee and mortgagor. * * * Even if provisions of the mortgage are still enforceable as between the parties to the mortgage after foreclosure, the assignment of proceeds does not necessarily lead to the conclusion that US Bank has a possessory interest in the property at issue or even a contingent interest." *US Bank* at ¶ 15. While US Bank emphasizes that the right to compensation for a taking can survive foreclosure, there is a process to address this through foreclosure proceedings which was not followed here, as will be addressed below.

{¶16} Nonetheless, even presuming that US Bank has standing to bring the present action, we find that there was an adequate remedy at law precluding relief in mandamus.

{¶17} The issue raised by US Bank has been addressed in mandamus actions

8

filed in several Ohio appellate courts. In each case, the court has determined that relief cannot be sought through an action in mandamus due to the existence of an adequate remedy at law and/or because there was no clear legal right to such relief. *US Bank*, 2021-Ohio-2524; *State ex rel. US Bank Trust, Natl. Assn. v. Summit Cty.*, 9th Dist. Summit No. 29889, 2021-Ohio-3189; *State ex rel. US Bank v. Lucas Cty.*, 6th Dist. Lucas No. L-21-1087 (Aug. 5, 2021). The Eighth District emphasized that, in "the absence of a statute or constitutional provision providing otherwise, it is not an unconstitutional taking of property when a government retains proceeds above the amount of delinquent taxes, penalties, and interest in a tax foreclosure proceeding." *US Bank*, 2021-Ohio-2524, at ¶ 18, citing *Nelson v. New York*, 352 U.S. 103, 77 S.Ct. 195, 1 L.Ed.2d 171 (1956), paragraph three of the syllabus ("Appellants not having taken timely action to secure the relief available under the statute although adequate steps were taken to notify them of the charges due and the foreclosure proceedings, * * * nor was their property taken without just compensation by reason of the City's retention * * * of the proceeds of sale * * *."). Further, it concluded that "[b]y not participating in the foreclosure proceeding and appealing the final determination, US Bank's interest in the property was extinguished, and [the owner's] interest in the property above the taxes owed, to which US Bank now claims a right, could have been fully litigated and determined in an appeal to the common pleas court. Therefore, this court declines to issue a writ of mandamus to belatedly address these issues." *Id.* at ¶ 33.

{¶18} Similarly, the Ninth District held that alternate remedies to seeking a writ of mandamus were available in a case involving tax foreclosure proceedings leading to transfer of the property to the Land Bank, including participation in the foreclosure

9

proceedings before the board of revision and seeking a subsequent appeal. It further noted that "[a]lthough those remedies are no longer available, that does not mean the remedies are inadequate." *US Bank*, 2021-Ohio-3189, at ¶ 23-25.

{¶19} The Sixth District held that, where the predecessor in interest, which held the mortgage during the tax foreclosure proceedings, was properly served with a complaint, received notifications during the proceedings, and failed to request transfer of the proceedings to the court of common pleas or an appeal, there was "a plain and adequate remedy at law for protecting its security interest in the subject property" that was not utilized. *US Bank*, 6th Dist. Lucas No. L-21-1087, at ¶ 19, 21. It emphasized that it was "inaction, not the lack of available legal remedies, [which] caused the financial loss that relator now wishes to address in mandamus." *Id.* at ¶ 21. It also determined that "the relator's rights in the subject property are limited to those held by [the predecessor bank] at the time of its assignment of the mortgage, which occurred after the subject property was transferred to the Land Bank," emphasizing that "as an assignee, relator [is] 'stand[ing] in the shoes of the assignor with respect to the subject of the assignment, having the same rights and remedies.'" *Id.* at ¶ 18, citing *Star Bank Natl. Assn. v. Cirrocumulus Ltd. Partnership*, 121 Ohio App.3d 731, 748, 700 N.E.2d 918 (8th Dist.1997).

{¶20} We emphasize in the present matter that the factual circumstances of this case are slightly different than in those discussed above, as they involved a tax foreclosure proceeding before the board of revision and subsequent appellate procedures to the court of common pleas. We find, however, that the logic applies to the present situation as well. Here, foreclosure proceedings were instituted in the Trumbull County

10

Court of Common Pleas and a subsequent appeal, if filed, would have occurred in this court. The holder of the mortgage at the time foreclosure proceedings were initiated was Biltmore Funding, and there is no dispute that it was served with the complaint, given notice of the proceedings, and had the right of redemption. Biltmore failed to object or otherwise take action in the trial court proceedings and did not appeal the foreclosure, although it was entitled to do so as a lienholder. *See In re Foreclosure of Liens for Delinquent Taxes*, 79 Ohio App.3d 766, 607 N.E.2d 1160 (2d Dist.1992). Thus, the predecessor had the ability to fully litigate issues relating to the alleged taking. *U.S. Bank*, 6th Dist. Lucas No. L-21-1087, at ¶ 18. As stated above, we find no authority for the proposition that US Bank should now be able to raise issues relating to the alleged taking several years later in mandamus proceedings.

{¶21} The Board also argues that this matter should be dismissed because US Bank failed to demonstrate a clear legal duty for the Board to commence appropriation proceedings for an alleged taking. As the mandamus action is properly dismissed on the grounds outlined above, it is unnecessary to address the merits of this argument.

{¶22} For the foregoing reasons, respondent's Motion to Dismiss is granted and U.S. Bank's Complaint for Writ of Mandamus is dismissed.

THOMAS R. WRIGHT, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.

Case No. 2021-T-0023